

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 2, 2003

Jeffrey A. Denner, Esq.
4 Longfellow Plaza
Suite 3501-06
Boston, MA 02114

    Re:  <u>Jie Ling Cho</u>

Dear Mr. Denner:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Jie Ling Cho ("Defendant"), in the above-captioned case.  The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date but in no event later than December 12, 2003, Defendant shall plead guilty to all counts in which she is named in **the Information captioned, United States v. Jie Ling Cho; that is, one count of violating Title 18, U.S.C. § 1001.**  Defendant expressly and unequivocally admits that she in fact knowingly, intentionally and willfully committed the crime charged in the Information.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties: <u>5 years incarceration, a fine of $250,000, ~~five~~ one year supervised release, forfeiture and restitution.</u>

    Defendant may also be deportable and/or excludable by the United States Department of Homeland Security as a consequence of her conviction of the offense to which she is pleading guilty.



3.    Sentencing Guidelines

The parties agree to take the position that under the U.S. Sentencing Guidelines the loss attributable to the defendant's involvement in the scheme is $151,530.00 under 2B1.1(b)(1)(F).

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The parties agree that if the Court accepts this recommendation, the defendant's total offense level is 13.

The U.S. Attorney specifically reserves the right, however, not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing Defendant:

(a)    Fails to admit a complete factual basis for the plea;

(b)    Fails to truthfully admit her conduct in the offenses of conviction;

(c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)    Fails to provide truthful information about her financial status;

(e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)    Intentionally fails to appear in Court or violates any condition of release;

(h)    Commits a crime;

      (i)   Transfers any asset protected under any provision
           of this Agreement; and/or

      (j)   Attempts to withdraw her guilty plea.

Defendant expressly understands that her may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.   <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

      (a)   If the Court determines the defendant's total
           offense level to be 13 or higher, the government
           will recommend a sentence at the low end of the
           applicable guideline range.

      (b)   Fine;

      (c)   Restitution;

      (d)   Mandatory special assessment of $100;

      (e)   Supervised release (if the defendant is
           incarcerated).

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except solely on the following two grounds:

      (a)   In light of the terms set forth in Paragraph 8,
           below, the United States in its sole discretion
           may move for a downward departure pursuant to
           U.S.S.G. § 5K1.1; and

      (b)   The defendant may move for a downward departure
           based solely on the ground of "exceptional family
           circumstances."  Such motion shall be served on

the government not later than 21 days before the
defendant's sentencing.

Accordingly, other than on these two enumerated grounds,
neither the U.S. Attorney nor Defendant will seek a departure on
any ground from the Sentencing Guidelines.

In the event of an appeal from, or collateral challenge to,
Defendant's sentence, the U.S. Attorney reserves his right to
argue the correctness of Defendant's sentence and the manner in
which the District Court determines it.

5.    Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to
the Clerk of the Court on or before the date of sentencing,
unless Defendant establishes to the satisfaction of the Court
that Defendant is financially unable to do so.

6.    Protection of Assets for Payment of Restitution,
      Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer
of any other asset in which she has an interest without prior
express written consent of the U.S. Attorney, except for:

   (1)    Assets subject to superior, secured interests of
          innocent third parties, in which Defendant has an
          equity interest of less than $500;

   (2)    Ordinary living expenses necessary to house,
          clothe, transport and feed Defendant or her child,
          so long as such assets do not exceed $500 per
          month; and

   (3)    Attorney's fees incurred in connection with this
          criminal case.

This prohibition shall be effective as of the date of
Defendant's execution of this Agreement and continue until the
fine, forfeiture and/or restitution ordered by the Court at
sentencing are satisfied in full.

Defendant further agrees that, within one week of the date
of this agreement, she will truthfully and accurately complete
the sworn financial statement enclosed with this Agreement.

4

7.    <u>Waiver of Rights to Appeal and to Bring Collateral</u>
      <u>Challenge</u>

Defendant is aware that she has the right to challenge her sentence and guilty plea on direct appeal. Defendant is also aware that she may, in some circumstances, be able to argue that her plea should be set aside, or her sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives her right to appeal or collaterally challenge:

   (1)   Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

   (2)   The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

   (3)   The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

5

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains her appeal rights.

8.    Cooperation

a.    Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. She must provide complete and truthful information to all law enforcement personnel. If her testimony is requested, she must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to her by any law enforcement agents or government attorneys and must not withhold any information. She must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, she must furnish all documents, objects and other evidence in her possession, custody or control that are relevant to the government's inquiries.

Defendant understands that she has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which she has been charged. To facilitate her cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or her counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights she may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

b.    Substantial Assistance Motion

In the event that Defendant provides substantial assistance
in the investigation or prosecution of another person who has
committed a criminal offense, the U.S. Attorney agrees that, at
or before the time of sentencing, the U.S. Attorney will make a
motion under U.S.S.G. § 5K1.1.  The determination whether
Defendant has provided substantial assistance rests solely in the
discretion of the U.S. Attorney and is not subject to appeal or
review.  The U.S. Attorney expressly reserves the right to
decline to file a motion pursuant to U.S.S.G. § 5K1.1 if
Defendant violates any condition of her pretrial release,
violates any of the requirements of honesty and candor detailed
in paragraph 9(a) above, or engages in any criminal conduct after
the date she signs this Agreement.  Defendant may not withdraw
her plea if the U.S. Attorney determines that Defendant has not
rendered substantial assistance, or if the Court refuses to grant
the U.S. Attorney's motion for a downward departure.

c.    Sentence Recommendation with Substantial
      Assistance

If Defendant provides substantial assistance, subject to all
the provisions of paragraphs 9(a) and (b) above, the U.S.
Attorney will advise the sentencing judge of the full nature,
extent and value of the assistance provided by Defendant.

The U.S. Attorney reserves the right to recommend a
particular sentence or sentencing range, or to make no
recommendation at Defendant's sentencing.

d.    Letter Immunity

In return for Defendant's full and truthful cooperation, the
U.S. Attorney agrees not to use any information provided by
Defendant pursuant to this Agreement against Defendant in any
criminal case except in a prosecution (1) for perjury or
obstruction of justice, or for making a false statement after the
date of this Agreement; or (2) for an act of physical violence
against the person of another, or conspiracy to commit any such
act of violence.  The U.S. Attorney reserves the right to respond
fully and completely to all requests for information by the
District Court and U.S. Probation Office in this case.  All such
disclosures, however, shall be made subject to the provisions
constraining the use of this information by the District Court
and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and
the commentary thereto.  Notwithstanding the provisions of
U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S.

7

Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against her in the District of Massachusetts, including, but not limited to, false statements and perjury.

9.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge.  Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B).  Defendant may not withdraw her plea of guilty regardless of what sentence is imposed.  Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties.  In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

10.    Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning her assets.

11.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph one of this Agreement.

12.    Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

13.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea.  Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement,  without any limitation.  In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

14.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15.    Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written

memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Jonathan F. Mitchell.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____

JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

JONATHAN F. MITCHELL
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney.  I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts.  I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them.  I am satisfied with the legal representation provided to me by my attorney.  We have had sufficient time to meet and discuss my case.  We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial.  I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
JIE LING CHO
Defendant

Date: 12/3/03

I certify that Jie Ling Cho has read this Agreement and that we have discussed its meaning.  I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
JEFFREY A. DENNER, Esq.
Attorney for Defendant

Date: 12/3/03

11