UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | Case No. 03-10400-JLT |
| ) | |
| **JIE LING CHO,**    ) | |
| ) | |
| **Defendant.**    ) | |

## GOVERNMENT'S OPPOSITION
## TO DEFENDANT'S MOTION TO REDUCE RESTITUTION

The government hereby opposes the Defendant's Motion to Reduce the Amount of Restitution Ordered on two grounds.

First, the amount of restitution in this case is mandated by statute. As noted in the defendant's Pre-Sentence Report, Title 18, U.S.C., Section 3663A requires that when sentencing a defendant convicted of a property crime, the defendant shall pay restitution in full. The defendant was prosecuted for her role in an embezzlement scheme involving her then-boyfriend's employer Kam Wai Chui. All of the funds from this scheme were sent by mail to the defendant's addresses, including a post office box that she had opened. Virtually all of the embezzled funds were laundered out of a phony bank account and deposited through her personal bank account. Contrary to the defendant's contention, her role in this scheme was hardly "minor." See Defendant's Motion, ¶ 1. Because of her cental role in this property crime, the defendant was ordered to pay full restitution, jointly and severally, with Kam Wai Chui, as mandated by Section 3663A.

Second, even if restitution were not mandatory in this case, the defendant offers virtually nothing in her motion to support an inference that she cannot now pay restitution. The motion states only that she supports her son (a fact of which the court was aware at sentencing), and pays her mother's rent. See i.d., ¶ 3. There is no mention at all of her total assets, which at the time of

sentencing was $167,401, an amount that has likely grown as a result of appreciation of her house in Quincy. Moreover, there is no mention of her current <u>net</u> cash flow, which at the time of sentencing was $2,816. In short, there is no reason to believe that the defendant is any worse off now than at sentencing.

That the defendant's brother, co-defendant Tony Cho, was ordered to pay only $9,900 in restitution is entirely irrelevant. Tony Cho's involvement in the scheme was limited to his opening a phony bank account into which the embezzled funds were deposited. Unlike the defendant, none of the money ended up with him.

WHEREFORE, the government requests that the Court deny the defendant's motion because she has offered no ground, as there is none, for the Court's revisiting its original restitution order.

Respectfully submitted,

Dated: March 7, 2006

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
Assistant U.S. Attorney